52 F.3d 328
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Shedra EDWARDS, Petitioner-Appellant,
v.
Rodney J. AHITOW, Respondent-Appellee.
 No. 93-1805.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 29, 1995.*
Decided April 11, 1995.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 Shedra Edwards, serving a 12-year sentence for aggravated sexual assault, seeks collateral relief under 28 U.S.C. Sec. 2254. His principal argument is that the state court violated his rights under the sixth amendment by excluding evidence that the victim had been convicted of prostitution.
 
 
 2
 Edwards contended at trial that the complainant was a prostitute who agreed to exchange sex for cocaine. She denied that she had made such a bargain and testified that as she returned home from a hair-design school, dressed in the school uniform (a white sweater and white pants), Edwards "snatched" her from the street, "slung" her into his truck, drove off, and forced her at gunpoint to perform acts of oral, anal, and vaginal sex. The trial court barred Edwards from fortifying his position with evidence of the complainant's convictions for prostitution, ruling that evidence forbidden by the state's rape shield law, 725 ILCS 5/115-7(a). The district court held that this limitation did not violate the Constitution, and we agree. See Stephens v. Miller, 13 F.3d 998 (7th Cir.1994) (en banc); Tague v. Richards, 3 F.3d 1133 (7th Cir.1993). (Edwards also argues that the state court misapplied the state statute, but such a claim is not cognizable under Sec. 2254. See Estelle v. McGuire, 502 U.S. 62 (1991); Pulley v. Harris, 465 U.S. 37, 41 (1984); Smith v. Phillips, 455 U.S. 209, 221 (1982).)
 
 
 3
 As we observed in Stephens, a state may not use a rape shield statute to preclude the defendant from establishing a valid theory of defense. It may, however, exclude tangentially relevant evidence that does more to tarnish the reputations of complainants and discourage them from coming forward than it does to bolster a valid theory. The evidence Edwards sought to offer here would have been marginally relevant at best. Edwards does not say that he knew of the convictions or that the complainant had previously performed sexual acts with him for compensation. That the complainant sold sexual services on other occasions does not mean that she did so on this occasion--a proposition that underlies the standard exclusion of other-crime evidence when offered to show propensity. The question at trial was whether the complainant consented or whether, as she testified, she yielded at gunpoint. Edwards was allowed to adduce all probative evidence bearing on that issue.
 
 
 4
 Edwards raises a number of other contentions that the district court held had been forfeited because not properly presented to the Supreme Court of Illinois by petition for leave to appeal. Ignoring this conclusion, Edwards argues the substance of these issues at some length. Because Edwards has not offered us any reason to disagree with the district court's conclusion that they have not been preserved--he neither disputes the conclusion that forfeiture occurred nor argues cause and prejudice--it is unnecessary to address them on the merits.
 
 AFFIRMED
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record